UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS COLIN, also known as "Nephew," | No. 04 CR 433<br><br>Hon. Gary Feinerman |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government respectfully requests that the Court impose a sentence at the low end of the defendant's guideline range for the reasons set forth below.

### I.     Guidelines Calculation

The PSR correctly calculates a total offense level of 23, a criminal history category I, and a resulting guidelines range of 46 to 57 months' imprisonment.

### II.    Sentencing Recommendation

#### A.     Term of Imprisonment

A sentence of 46 months, at the low end of defendant's guideline range, is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

##### 1.     The Circumstances of the Offense and Defendant's History and Characteristics Warrant a Guidelines Sentence

Pursuant to 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

###### a.     Significant Quantity of Heroin

Although defendant's participation in the drug trafficking organization was limited, during the course of three days he also assisted it with distributing

approximately three kilograms of heroin—a significant quantity. Three kilograms sold at the wholesale level likely produced many, many individual doses to feed the habits of addicts throughout the area. It is well known that heroin is both highly addictive and has caused untold misery nationwide in recent years. The sentence needs to account for defendant's albeit limited role in an operation that trafficked in large amounts of poison for profit.

### b. Defendant's History and Characteristics

The defendant's history and personal characteristics present certain factors in mitigation. Defendant pled guilty, pursuant to a written plea agreement. He appears to have been recruited to participate by his relative and did not profit substantially. Defendant does not otherwise possess any criminal history. Defendant's education, employment history, and language abilities suggest that defendant did not need to engage in criminal conduct. Nevertheless, a sentence at the low end of defendant's guideline range adequately takes into account the defendant's history and characteristics.

### 2. A Guidelines Sentence is Appropriate Upon Consideration of Section 3553(a)(2)

Pursuant to 18 U.S.C. § 3553(a)(2), the Court must consider the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A sentence at the low end of defendant's guideline range adequately reflects the seriousness of the offense, would serve to afford adequate deterrence to criminal conduct, and would help protect the public from further crimes of the defendant. Defendant's history neither suggests a need for specific deterrence or a need to protect the public.

### B. Fine

As set forth in the PSR, it appears as though the defendant does not have the ability to pay a fine. As such, the government does not request that a fine be imposed.

### C. Supervised Release

Probation has recommended a term of supervised release of two years. The government agrees with that recommendation, as well as the conditions recommended by Probation in the PSR given that defendant is subject to removal.

### III. Conclusion

For the reasons set forth above, the government respectfully requests that the defendant be sentenced to a term of 46 months, or the low end of defendant's guideline range.

                                      Respectfully submitted,

                                      JOHN R. LAUSCH, JR.
                                      United States Attorney

                        By:    */s/ Matthew Hernandez*
                                      MATTHEW HERNANDEZ
                                      Assistant U.S. Attorney
                                      219 South Dearborn, Fifth Floor
                                      Chicago, Illinois 60604
                                      (312) 353-5300

Dated: December 14, 2020